116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Garland JEFFERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 3, 1996.*
Decided Jan. 6, 1997.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Garland Jeffers appeals from the denial of his sixth motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. It is his fifth challenge to his 1975 life sentence for engaging in a continuing criminal enterprise (CCE), 21 U.S.C. § 848. Jeffers now contends that he is "actually innocent" because there was insufficient evidence to support his conviction; because the district court misinstructed the jury; because his conspiracy was improperly counted as a predicate offense for the CCE conviction; and because he was denied effective assistance of counsel. The district court denied the petition as successive and an abuse of the writ.
 
 
 2
 As we held in Roldan v. United States, 96 F.3d 1013 (7th Cir.1996), a petitioner bringing a second or successive section 2255 motion must satisfy the substantive standards of section 105 of the recently enacted Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214, unless the petitioner has detrimentally relied on the previous state of the law concerning successive petitions, see Burris v. Parke, 72 F.3d 47 (7th Cir.1996) (en banc) Because Jeffers does not rely on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," see 28 U.S.C. § 2255 (as amended), and because he did not withhold these claims from his previous petitions in detrimental reliance on the unamended law, we AFFIRM the denial of his petition.[1]
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In accordance with Roldan, we have applied the substantive standards of the Antiterrorism and Effective Death Penalty Act to this successive petition. The outcome would be the same, however, under the provisions formerly governing successive petitions