**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael J. CANINO, Defendant–Appellant.**

No. 00–1192.

United States Court of Appeals, Seventh Circuit.

Submitted April 27, 2000

Decided May 10, 2000

Michael Thompson (submitted), Office of the United States Attorney, Criminal Div., Fairview Heights, IL, for Plaintiff–Appellee.

Cheryl J. Sturm (submitted), Westtown, PA, for Defendant–Appellant.

Before ESCHBACH, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Michael Canino is serving a term of 26 years' imprisonment following his convic-

tion as a "kingpin" of a continuing criminal enterprise that imported and distributed many tons of marijuana. 21 U.S.C. § 848. See *United States v. Canino*, 949 F.2d 928 (7th Cir.1991). In 1997 he filed a collateral attack under 28 U.S.C. § 2255. The district court dismissed this as untimely, see § 2255 ¶ 6, and we denied his application for a certificate of appealability. Next Canino filed a motion for relief under the version of Fed.R.Crim.P. 35(a) applicable to offenses that occurred before November 1, 1987. Canino was indicted on September 29, 1987, so he is covered by this old rule, which says that "[t]he court may correct an illegal sentence at any time". Canino contends that two cases decided after his convictions make both his convictions and the sentence based on them unlawful. See *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

 Former Rule 35(a) is limited to the correction of an illegal *sentence*; it does not cover arguments that the conviction is itself improper, for such arguments must be raised under § 2255. See *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Canino responds that Rule 35(a) permits defendants to raise double-jeopardy objections to their sentences and contends that because both *Richardson* and *Rutledge* deal with the double jeopardy clause Rule 35(a) supplies a remedy. This is half right: old Rule 35(a) indeed permitted district courts to entertain "at any time" double-jeopardy objections *to a sentence*, but Canino's objections do not concern his sentence. He does not, for example, contend that he was sentenced twice on the basis of a single conviction. He believes that the convictions are invalid because of a prior conviction in the Eastern District of Pennsylvania, see *United States v. Canino*, 1987 WL 11923, 1987 U.S. Dist. Lexis 4590 (E.D. Pa. May 28, 1987), and *therefore* that sentences based on these convictions are improper;

but this is exactly the kind of argument knocked out by *Hill*, and properly so unless Rule 35(a) is to subsume the entire law of collateral review and nullify decisions such as *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which limit the retroactive use of constitutional novelties as the basis of collateral attacks.

 The district court recognized that former Rule 35(a) does not permit it to entertain the sort of arguments Canino advances. Nonetheless, it proceeded to consider and reject those arguments on the merits. That was a mistake, for if Rule 35(a) does not authorize this proceeding (and it does not), then it is nothing but a disguised collateral attack—a *second* collateral attack, which may not proceed without prior consent of this court. Motions nominally under a Rule of Criminal Procedure, but raising arguments within the scope of § 2255, must be treated as collateral attacks and dismissed if the petitioner has filed a prior collateral attack. *Romandine v. United States*, 206 F.3d 731 (7th Cir.2000); *United States v. Woods*, 169 F.3d 1077 (7th Cir.1999). Once the district court concluded that this was not a proper Rule 35 motion, it was obliged to dismiss the application for want of jurisdiction. *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996).

 We have construed Canino's appellate brief as an implied request for leave to commence a second collateral attack, and so understood the request is denied. He does not argue that either *Rutledge* or *Richardson* is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8(2). Moreover, a collateral attack based on *Rutledge* would be untimely, see § 2255 ¶ 6(3), even if that case had been made retroactive by the Supreme Court.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdic-

tion. Canino's request for leave to commence a second collateral attack under § 2255 is denied.