**UNITED STATES of America,**

v.

**Garland JEFFERS.**

**No. 2:74–CR–057 AS.**

United States District Court,
N.D. Indiana,
Hammond Division.

July 24, 2003.

Garland Jeffers, aka Peterman, USP–Terre Haute, United States Penitentiary, Terre Haute, IN, for Defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, Judge.

Garland Jeffers filed a motion pursuant to the FED.R.CRIM.P. 35(a) that is applicable to offenses committed prior to November 1, 1987 which provides that, "[t]he court may correct an illegal sentence at any time...." Mr. Jeffers' offense was committed more than a decade before this date. Like the defendant in *United States v. Canino*, 212 F.3d 383 (7th Cir.2000), Mr. Jeffers contends that his sentence is unlawful.

Mr. Jeffers argues that the United States Supreme Court held that 21 U.S.C. § 846 is a lesser included offence of 21 U.S.C. § 848. He is correct.

A guilty verdict on a § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offence of CCE.... Accordingly, one of petitioner's convictions, as well as its concurrent sentence is unauthorized punishment for a separate offense and must be vacated.

*Rutledge v. United States*, 517 U.S. 292, 307, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (brackets and quotation marks omitted).

Mr. Jeffers states that he "is only attacking his 'illegal sentence'" and is "not attacking his 848 conviction." Docket # 14 at 3. To emphasize this point, Mr. Jeffers placed these words in underlined, bold-faced capitals. He did so in an attempt to distinguish his case from *Canino*. Nevertheless, *Canino* is controlling.

Former Rule 35(a) is limited to the correction of an illegal sentence; it does not cover arguments that the conviction is itself improper, for such arguments must be raised under § 2255. *Canino* responds that Rule 35(a) permits defendants to raise double-jeopardy objections to their sentences and contends that because both *Richardson* and *Rutledge* deal with the double jeopardy clause Rule 35(a) supplies a remedy. This is half right: old Rule 35(a) indeed permitted district courts to entertain "at any time" double-jeopardy objections to a sentence, but *Canino's* objections do not concern his sentence. He does not, for example, contend that he was sentenced twice on the basis of a single conviction. He believes that the convictions are invalid because of a prior conviction in the Eastern District of Pennsylvania, and therefore that sentences based on these convictions are improper; but this is exactly the kind of argument knocked out by *Hill*, and properly so unless Rule 35(a) is to subsume the entire law of collateral review and nullify decisions such as *Teague v. Lane*, which limit the retroactive use of constitutional novelties as the basis of collateral attacks.

*Canino* at 384 (citations omitted).

Despite his protestations, Mr. Jeffers case is the same. There is no independent error in the sentence that he is complaining about, rather it is the underlying conviction which is the source of his claim. Prior to *Rutledge*, there was a split between the circuits on how to address the conflict between § 846 and § 848. After *Rutledge*, it is clear that altering the sentence and leaving the underlying conviction, as had previously been done in the Second and Third Circuits, is no longer appropriate. *Rutledge* at 296, 116 S.Ct. 1241. *Rutledge* made clear that the proper remedy is to vacate one of the convictions, but Mr. Jeffers was very explicit that he is not seeking to vacate his conviction. He seeks only to alter his sentence, but Rule 35 does not permit the alteration he seeks. "Once the district court conclude[s] that this [is] not a proper Rule 35 motion, it [is] obliged to dismiss the application for want of jurisdiction." *Canino* at 384.

For the foregoing reasons, the motion is **DENIED** for want of jurisdiction.

**IT IS SO ORDERED.**