**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Napoleon STEWART, Defendant–Appellant.**

No. 02–1459.

United States Court of Appeals,
Seventh Circuit.

Submitted July 29, 2003.*

Decided July 30, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

In 1980 Napoleon Stewart was convicted of kidnaping three women, 18 U.S.C. § 1201(a)(1), transporting them across state lines for immoral purposes, *id.* § 2421, and conspiring to commit those offenses, *id.* § 371. After completing his direct appeal and filing several collateral attacks on his convictions, Stewart filed a motion under former Federal Rule of Criminal Procedure 35(a), arguing that his 50–year prison sentence for the kidnaping conviction is illegal and that the district court erred in refusing to impose his federal sentences to run concurrently to a state sentence arising out of the same conduct. The district court denied the motion, and we affirm.

Before reaching the merits of this appeal we address two preliminary matters. First, Rule 35(a) was amended effective November 1, 1987, but because Stewart committed his crimes before that date, his case is governed by the old version of Rule 35(a). *See United States v. Canino,* 212 F.3d 383, 384 (7th Cir.2000). That version provides, in relevant part, that "[t]he court may correct an illegal sentence at any time." *Hill v. United States,* 368 U.S. 424, 430 n. 7, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Second, Stewart raises one argument on appeal that was never raised in the district court and, regardless, does not belong in a Rule 35 motion: that his feder-

---

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

al charges should have been dismissed pursuant to the Interstate Agreement on Detainers Act because he was transported back to state custody before the federal proceedings were complete. *See* 18 U.S.C. app. 2, § 2, IV(e). Because this argument challenges Stewart's underlying conviction and not the legality of his sentence, we will construe it as an application to file a successive motion under 28 U.S.C. § 2255. *See Hill,* 368 U.S. at 430, 7 L.Ed.2d 417; *Canino,* 212 F.3d at 384. The argument, however, does not rely on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(b)(2). Thus, we deny the application to file a successive motion under § 2255.

 As for the merits of the appeal, Stewart first argues that his 50–year prison sentence for the kidnaping conviction is illegal because it exceeds the 5–year maximum prison sentence for the conspiracy conviction. The kidnaping conviction, however, is punishable by "imprisonment for any term of years or for life," 18 U.S.C. § 1201(a), and it is not capped by the 5–year maximum prison sentence for the conspiracy conviction. Separate sentences are permissible for convictions of a conspiracy and the substantive offense that is the object of the conspiracy. *See United States v. Felix,* 503 U.S. 378, 390–91, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992) (concluding that a substantive crime and a conspiracy to commit that crime are separate offenses for double jeopardy purposes). The cases that Stewart cites in his brief do not support his argument that a prison sentence for a substantive offense is capped by the statutory maximum prison sentence for a conspiracy to commit that offense.

Stewart also argues that the district court violated 18 U.S.C. § 3584(a) when it refused to impose his sentences to run concurrently to his state sentence for the same underlying conduct. Section 3584(a), however, did not become effective until 1984–four years after Stewart was sentenced. But even if § 3584(a) had been in effect at that time, the district court did not err because the state court had not yet sentenced Stewart. "A judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose." *Romandine v. United States,* 206 F.3d 731, 737–38 (7th Cir.2000) (interpreting the last sentence of § 3584(a)). Accordingly, Stewart's sentences are legal, and he has no remedy under Rule 35(a).

AFFIRMED.