# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-3110

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARLAND JEFFERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 74 CR 57—**Allen Sharp**, *Judge*.

_____

SUBMITTED MAY 18, 2004[*]—DECIDED NOVEMBER 3, 2004

_____

Before CUDAHY, COFFEY, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*. A jury convicted Garland Jeffers in 1975 of engaging in a continuing criminal enterprise

---

[*] Pursuant to Seventh Circuit Operating Procedure 6(b), this appeal was submitted to the panel that decided Jeffers' last appeal, *Jeffers v. United States*, No. 95-3013, 116 F.3d 1482, 1997 WL 11345 (7th Cir. Jan. 6, 1997) (unpublished) (text in Westlaw). Neither party has asked for oral argument, *see* Seventh Circuit Rule 34(f), and after an examination of the materials submitted by the parties, we have concluded that argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

("CCE"), and the district court ordered him to serve a prison term of life. In the nearly 30 years since, Jeffers has been trying without success to obtain relief from that conviction and sentence. Unfortunately for Jeffers, his present effort fares no better than his previous attempts. The district court dismissed for want of jurisdiction Jeffers' motion to correct his sentence pursuant to the applicable version of Federal Rule of Criminal Procedure 35(a). We affirm that ruling.

In 1974, a federal grand jury in the Northern District of Indiana returned two indictments against Jeffers, one charging him with conspiring to distribute heroin and cocaine, in violation of 21 U.S.C. § 846, and the other charging him with engaging in a CCE, in violation of 21 U.S.C. § 848. The Supreme Court's opinion in *Jeffers v. United States*, 432 U.S. 137, 97 S. Ct. 2207 (1977), describes the evidence on which these charges were based:

> [P]etitioner Garland Jeffers was the head of a highly sophisticated narcotics distribution network that operated in Gary, Ind., from January 1972 to March 1974. The "Family," as the organization was known, originally was formed by Jeffers and five others and was designed to control the local drug traffic in the city of Gary. Petitioner soon became the dominant figure in the organization. He exercised ultimate authority over the substantial revenues derived from the Family's drug sales, extortionate practices, and robberies. He disbursed funds to pay salaries of Family members, commissions of street workers, and incidental expenditures for items such as apartment rental fees, bail bond fees, and automobiles for certain members. Finally, he maintained a strict and ruthless discipline within the group, beating and shooting members on occasion. The Family typically distributed daily between 1,000 and 2,000 capsules of heroin. This resulted in net daily receipts of about $5,000, exclusive of street commissions. According to

> what the Court of Appeals stated was "an extremely conservative estimate," [532 F.2d 1101, 1105 (7th Cir. 1976)], petitioner's personal share from the operations exceeded a million dollars over the two-year period.

*Id.* at 139-40, 97 S. Ct. at 2210 (footnote omitted).

The government sought to try the conspiracy and CCE charges together, but Jeffers and his codefendants successfully opposed that motion. The § 846 conspiracy charge was tried first in June 1974, and Jeffers was convicted. The district court imposed the maximum punishment available: a prison term of 15 years and a fine of $25,000. We subsequently affirmed his conspiracy conviction. *United States v. Jeffers*, 520 F.2d 1256 (7th Cir. 1975), *cert. denied*, 423 U.S. 1066, 96 S. Ct. 805 (1976). Meanwhile, Jeffers was tried on the § 848 CCE charge, and on March 26, 1975, a jury convicted him on that charge. The district court again imposed the maximum possible punishment: a prison term of life, and a fine of $100,000. The court also ordered that the life term on the CCE conviction was to be served consecutively to the 15-year term previously imposed on the conspiracy conviction. We upheld the second conviction and sentence on appeal. *United States v. Jeffers*, 532 F.2d 1101 (7th Cir. 1976).

The Supreme Court subsequently granted *certiorari* to consider whether the consecutive prosecutions for § 846 conspiracy and § 848 CCE were contrary to the Double Jeopardy Clause of the Fifth Amendment. Noting that § 848 requires proof that the accused participated in a series of violations "in concert with five or more other persons," a plurality of the Court, writing through Justice Blackmun, assumed that § 848, like § 846, demands proof of an agreement among those persons and, consequently, that § 846 is a lesser included offense of § 848. *Jeffers*, 432 U.S. at 148-50, 97 S. Ct. at 2215-16. Although that assumption would suggest that a defendant could not, consistent with the

Double Jeopardy Clause, be consecutively tried on both charges, *see id.* at 150-51, 97 S. Ct. at 2216, the plurality concluded that Jeffers had waived any objection to the consecutive trials by successfully opposing a joint trial on the two charges, *id.* at 153-54, 97 S. Ct. at 2217-18. The plurality then went on to address the only potential double jeopardy problem that remained: cumulative punishments. Without reaching the question of whether the two prison terms imposed on Jeffers posed such a problem, *see id.* at 155 n.24, 97 S. Ct. at 2218 n.24, the plurality concluded that the two fines that Jeffers had been ordered to pay amounted to cumulative punishments that Congress had not intended to authorize. In the plurality's view, the district court could not order Jeffers to pay a total fine greater than the maximum authorized by § 848, which was $100,000. *Id.* at 156-58, 97 S. Ct. at 2219-20. It therefore concluded that the judgment should be vacated to that extent and the case remanded for resentencing. *Id.* at 158, 97 S. Ct. at 2220. Justice White, who did not believe that the consecutive prosecutions and convictions for § 846 conspiracy and § 848 CCE posed any double jeopardy problem, concurred in the judgment as to Jeffers' conviction and dissented as to the multiple fines. *Id.* at 158, 97 S. Ct. at 2220. Justice Stevens, joined by three other dissenters, disagreed with the plurality's conclusion that Jeffers had waived his objection to the consecutive prosecutions and believed that his conviction on the CCE charge was contrary to the Double Jeopardy Clause. *Id.* at 158-60, 97 S. Ct. at 2220-21. In sum, separate majorities of the Court coalesced to uphold Jeffers' CCE conviction against the double jeopardy challenge (the plurality and Justice White) but to vacate and remand the judgment insofar as it imposed cumulative fines (the plurality and the dissenters).

Since the conclusion of his direct appeal, Jeffers has attempted numerous collateral attacks upon his CCE conviction, including a total of five petitions under 28 U.S.C.

§ 2255, three requests for leave to file additional § 2255 challenges, and three petitions under 28 U.S.C. § 2241. All have been unsuccessful.

Jeffers' most recent effort to obtain relief took the form of a motion to correct his sentence pursuant to "old" Federal Rule of Criminal Procedure 35(a)—that is, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987. ("The court may correct an illegal sentence at any time . . . .") In that motion, Jeffers contended that his life sentence on the CCE conviction is illegal under the Double Jeopardy Clause, as revealed by the Supreme Court's opinion in *Rutledge v. United States*, 517 U.S. 292, 116 S. Ct. 1241 (1996). *Rutledge* held what the plurality in *Jeffers* had assumed 20 years earlier: § 846 conspiracy is a lesser included offense of § 848 CCE. *Id.* at 300, 116 S. Ct. at 1247. Consequently, a defendant cannot be cumulatively punished for violating both § 846 and § 848, because for purposes of the Double Jeopardy Clause, these two statutes proscribe the same offense. *See id.* at 297, 116 S. Ct. at 1245. The Court held that dual convictions under these two statutes amount to improper cumulative punishment even where (as in *Rutledge*) the sentences imposed are identical and concurrent, if for no other reason than the special assessment that federal law requires be imposed on each conviction. *Id.* at 301-03, 116 S. Ct. at 1247-48.

The district court denied Jeffers' Rule 35(a) motion for lack of jurisdiction. Relying on our opinion in *United States v. Canino*, 212 F.3d 383 (7th Cir. 2000), the court reasoned that Jeffers' motion, although denominated as a challenge to his sentence, was actually an attack upon the underlying CCE conviction. As such, it was beyond the power of the court to address under Rule 35(a). *United States v. Jeffers*, 277 F. Supp. 2d 907 (N.D. Ind. 2003).

We agree that the district court was without jurisdiction to consider Jeffers' motion. A court's authority under former

Rule 35(a) is limited to correcting an illegal sentence; "it does not cover arguments that the conviction is itself improper, for such arguments must be raised under § 2255." *Canino*, 212 F.3d at 384 (citing *Hill v. United States*, 368 U.S. 424, 430, 82 S. Ct. 468, 472 (1962)). Jeffers has identified no error in his sentence per se; the sentence is improper only to the extent that the Double Jeopardy Clause precludes his CCE *conviction*. *Id.*; *see Rutledge*, 517 U.S. at 303, 116 S. Ct. at 1248 (because petitioner's second conviction carried with it a $50 special assessment, "the *conviction* amounts to cumulative punishment not authorized by Congress") (emphasis ours). Relief would be available to Jeffers, if at all, only under section 2255.

Jeffers points out that this court affirmed a grant of relief under Rule 35(a) to a similarly situated individual in *United States v. Fischer*, 205 F.3d 967 (7th Cir. 2000). That is true enough: pursuant to Rule 35(a), the district court in *Fischer* had vacated the defendant's conspiracy conviction and sentence on the strength of *Rutledge*, and on appeal, we rejected the defendant's contention that the district court should have vacated the CCE conviction instead. *Id.* at 970-72. The choice of which of the two convictions to vacate, we explained, was committed to the district court's sound discretion, and the defendant had not demonstrated an abuse of that discretion. *Id.* Although we did emphasize in *Fischer* that the district court's authority under Rule 35(a) is limited to errors in sentencing, *id.* at 971-72, neither party contended that the district court was without jurisdiction to address the *Rutledge* problem under Rule 35(a), and we did not consider that question *sua sponte*.[1] In view of our subse-

---

[1] The defendant in *Fischer* had committed his offenses prior to the effective date of the current Rule 35, but was convicted after that date. As a result, both versions of the rule were applicable to him. 205 F.3d at 969 n.1. We found it unnecessary to discuss the

(continued...)

quent decision in *Canino* addressing that very point, *Fischer* does not support Jeffers' claim for relief pursuant to Rule 35(a).

We have construed Jeffers' appellate briefs as a request pursuant to 28 U.S.C. § 2244(b)(3)(A) for leave to file a successive application for relief under section 2255; but we must deny that request. As we have noted, Jeffers' claim for relief is premised on the Supreme Court's opinion in *Rutledge*, but his briefs do not demonstrate that *Rutledge* announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255 ¶ 8(2). *See Canino*, 212 F.3d at 384.

The judgment of the district court dismissing Jeffers' Rule 35(a) motion for lack of jurisdiction is AFFIRMED. Jeffers' (implied) request for leave to commence a second or successive collateral attack upon his conviction under section 2255 is DENIED.

A true Copy:

      Teste:

 

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[1] (...continued)
differences between the two versions of the rule and their impact on the case: "Our analysis is equally applicable to either version, so this opinion will not distinguish between the two; instead it simply refers to 'Rule 35.' " *Id.*

---