**UNITED STATES of America**

v.

**Otilio TAPIA–SOTO, Defendant.**

**No. 04 CR 381(VM).**

United States District Court,
S.D. New York.

Feb. 2, 2005.

John J. Byrnes, Federal Defender Division Legal Aid Society, New York City, for Defendant.

Edward Chang, U.S. Attorney's Office, New York City, for Plaintiff.

## *DECISION AND ORDER*

MARRERO, District Judge.

Otilio Tapia–Soto ("Tapia–Soto") pled guilty on September 16, 2004 to one count

of illegally reentering the United States after being deported as an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Tapia–Soto submitted a letter on January 18, 2005, to which the Government did not respond, requesting that the Court consider the Federal Sentencing Guidelines (the "Guidelines") "as well as other factors set forth in 18 U.S.C. § 3553 in determining the appropriate sentence for [him] and impose a sentence sufficient but not greater than necessary to comply with this provision of the law." (Letter from John Byrnes to Judge Marrero, dated January 18, 2005, at 1 ("Byrnes Letter").)

In that letter, Tapia–Soto noted several facts for the Court's consideration with respect to his sentencing, including the following: that, as of January 18, 2005, he had been in custody continuously since January 19, 2004, when he was arrested on unrelated New York State charges; that he had been in federal custody for eight months, during which "he ha[d] not earned any time towards his federal sentence" (Byrnes Letter at 1); that, after being sentenced in his federal case, it was expected that he would be returned to New York State custody and that the federal sentence would result in the lodging of a detainer against him, which would be activated upon the completion of any state sentence he might receive; and various biographical facts such as his young age and consistent employment in the United States for the purpose of supporting his parents, wife and two children.

At Tapia–Soto's sentencing hearing on January 21, 2005, Tapia–Soto requested orally that the Court impose a sentence lower than the range advised by the Guidelines. The Government requested that the Court impose a sentence within that range.

For the reasons set forth by the Court on the record at Tapia–Soto's January 21, 2005 sentencing, the Court denies Tapia–Soto's request that the Court sentence him to a term of imprisonment below that recommended by the Guidelines. Although the Court denies this request, it recommends, as further elaborated upon in the Statement of the Court which is attached hereto and incorporated herein, that Tapia–Soto's federal sentence run concurrently with any sentence that is imposed upon him in the case pending against him before the New York Supreme Court in New York County (Indictment # 0377–2004). Accordingly, it is hereby

ORDERED that Otilio Tapia–Soto's request for a sentence below the range advised by the Federal Sentencing Guidelines is denied.

SO ORDERED.

### STATEMENT OF THE COURT

Otilio Tapia–Soto ("Tapia–Soto") pled guilty on September 16, 2004 to one count of illegally reentering the United States after being deported as an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The Court sentenced him to a term of imprisonment of 46 months on January 21, 2005. Prior to his sentencing, Tapia–Soto submitted a letter to the Court stating several facts for the Court's consideration, including the fact that he was facing unrelated criminal charges in a case pending against him before the New York Supreme Court in New York County (Indictment # 0377–2004) (the "State Case"), and that it was expected that, upon being sentenced in his federal case, he would be returned to New York State custody and that the federal sentence would result in the lodging of a detainer against him, which would be activated upon the completion of any state sentence he might receive. Based on its consideration of these facts, the Court recommends that Tapia–Soto's federal sentence run concurrently

with any sentence to a term of imprisonment that is imposed upon him in the State Case.

While the Court is not required to determine whether Tapia–Soto's federal sentence should run concurrently with or consecutively to any sentence that might be imposed on him in the State Case, *see Delima v. U.S.*, 213 F.3d 625 (2d Cir.2000) (rejecting petitioner's argument that the district court had "erred in failing to determine at the time of sentencing whether the federal sentence should run concurrently with or consecutively to any sentence he might receive on [his] then-unresolved state court charges" because "[n]o federal statute or sentencing guideline requires the district court to make such a determination."), it may provide a recommendation in this regard to be considered by the state sentencing court and the Federal Bureau of Prisons (the "Bureau of Prisons"), should a state sentence later be imposed. *See id.* (noting that, "[a]t his federal sentencing, or at any time thereafter, . . . [the petitioner] might have requested that the district court specify an intention that his federal sentence run concurrently with his state sentence, a step that would have at the very least advised the state courts and the Bureau of Prisons of the federal court's preference for concurrent sentences."); *United States v. Rodriguez*, 94 Cr. 223, 2003 WL 22359260, *1 (D.Conn. March 14, 2003) (noting that defendant facing a state criminal charge at time of federal sentencing could move the court, upon resolution of the state charge, for a "recommendation as between a concurrent and a consecutive serving of the federal sentence" and any state sentence that might later be imposed).[1]

The Court intends that the Bureau of Prisons consider this recommendation in the event that Tapia–Soto, when and if he is sentenced in the State Case, seeks a nunc pro tunc order from the Bureau of Prisons that the state facility in which he

---

1. 18 U.S.C. § 3584(a) (" § 3584(a)") grants district courts the authority to order that a federal term of imprisonment run concurrently or consecutively to a state sentence in cases where "multiple terms of imprisonment are imposed on a defendant *at the same time,* or if a term of imprisonment is imposed on a defendant who is *already* subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a) (emphasis added); *see* U.S. Dep't of Justice, Bureau of Prisons Program Statement No. 5160.05 (Jan. 16, 2003) at 2–3 ("Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence.") (citing § 3584(a)). The Second Circuit has not squarely addressed the question whether or not district courts also have the authority to order that a federal sentence run consecutively to or concurrently with a state sentence that has not yet been imposed. *See McCarthy v. Doe,* 146 F.3d 118, 121 (2d Cir.1998) (noting that, while the court had "previously held that sentencing courts had . . . authority [to designate a federal sentence to run consecutively to a not-yet-imposed state sentence] under the statutes effective prior to 1987," it had

"not addressed the issue under 18 U.S.C. § 3584(a), the current statute governing imposition of multiple terms of imprisonment." (citation omitted)).

Several other circuits have held that sentencing courts may not order a federal sentence to run concurrently with a not-yet-imposed state sentence. *See U.S. v. Stewart,* 71 Fed.Appx. 590, 592 (7th Cir.2003) ("A judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose." (internal quotations marks and citation omitted)); *Taylor v. Sawyer,* 284 F.3d 1143, 1148 (9th Cir.2002) (holding that, pursuant to § 3584(a), "the district court cannot order a sentence to run either concurrently or consecutively to a non-existent term." (citations omitted)); *U.S. v. Quintero,* 157 F.3d 1038, 1040 (6th Cir.1998) ("Section 3584(a) only authorizes district courts to impose concurrent or consecutive sentences if the court either imposes multiple terms of imprisonment on the defendant at the same time or imposes a sentence on a defendant who is already subject to an undischarged term of imprisonment." (internal quotation marks and citations omitted)).

serves any future state sentence be designated as the place of imprisonment for his federal sentence.[2]

**2.** The Second Circuit determined that the Bureau of Prisons has discretion to issue, and must consider requests for, nunc pro tunc orders designating a state facility as the place of imprisonment for a federal sentence in *McCarthy v. Doe*, 146 F.3d 118 (2d Cir.1998).