**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2006[*]
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3494

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 90-CR-30067-WDS |
| WILLIAM E. HAWKINS, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

### O R D E R

A jury convicted William Hawkins of multiple counts of conspiracy to distribute and of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).  After completing his direct appeal and filing several collateral attacks on his convictions, Hawkins then filed a motion under former Federal Rule of Criminal Procedure 35(a) challenging the legality of his

---

[*]After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

sentence.[1] The district court denied the motion. We review the denial of a Rule 35(a) motion *de novo*. *United States v. Celani*, 898 F.2d 543, 544 (7th Cir. 1990).

Hawkins contends that his 35-year sentence on the possession with intent to distribute count is illegal because it exceeds the statutory maximum as it existed on March 27, 1987, the date he committed the relevant offenses. *See Hill v. United States*, 368 U.S. 424, 430 (1962) (explaining that a sentence outside the applicable statutory range is illegal). At that time, he says, § 841(b)(1)(B) provided a statutory maximum term of imprisonment of 20 years.

Hawkins is wrong. On October 27, 1986, Congress enacted the Anti-Drug Abuse Act of 1986 (ADAA), which amended § 841(b)(1)(B) to allow a statutory maximum sentence of 40 years' imprisonment. ADAA § 1002; *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991). The amendment took effect immediately. *Gozlon-Peretz*, 498 U.S. at 395; *United States v. Padilla*, 869 F.2d 372, 382 (8th Cir. 1989); *United States v. Meyers*, 847 F.2d 1408, 1414 (9th Cir. 1988). Hawkins argues that because § 1004(b) of the ADAA states that "[t]he amendments made by this section . . . shall take effect on [November 1, 1987]," Congress intended all amendments to § 841 (enacted by § 1002 of the ADAA) to take effect on November 1, 1987. But the Supreme Court has rejected this argument. *Gozlon-Peretz,* 498 U.S. at 406-07 (explaining that the effective date in § 1004(b) pertains only to amendments made by § 1004(b) and "not to the entire ADAA, nor even to one title or chapter in that enactment"). Thus on the date that Hawkins committed his offense, March 27, 1987, he was subject to a maximum prison term of 40 years. *See* § 841(b)(1)(B). Accordingly, Hawkins's 35-year term of imprisonment is legal, and he has no remedy under Rule 35(a).

AFFIRMED.

---

[1]Because Hawkins committed the offense relevant to this appeal before November 1, 1987, his case is governed by the 1985 version of Rule 35(a). *United States v. Jeffers*, 388 F.3d 289, 292 (7th Cir. 2005); *United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2000). That version provides, in relevant part, that "[t]he court may correct an illegal sentence at any time." *Hill v. United States*, 368 U.S. 424, 430 n.7 (1962).