# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed On: September 5, 2006

No: 04-3141

UNITED STATES OF AMERICA,
APPELLEE

v.

PAUL B. CAMPBELL,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 92cr00213-01)

———

Before: HENDERSON, GRIFFITH and KAVANAUGH, *Circuit Judges*.

## O R D E R

Upon consideration of the notice of appeal, which the court construes as including a request for a certificate of appealability; the motion to dismiss, and the opposition thereto; and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. The interests of justice do not warrant appointment of counsel in this case. *See* 18 U.S.C. § 3006A(a)(2)(B). It is

**FURTHER ORDERED** that the request for a certificate of appealability be denied and the motion to dismiss be granted with respect to appellant's claims of ineffective assistance of counsel, trial court error, and prosecutorial misconduct for sponsoring false testimony by Calvin Stevens. Because appellant has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability is warranted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is

**FURTHER ORDERED**, on the court's own motion, that the district court's denial of appellant's remaining claims be affirmed. The district court concluded that "constitutional challenges to convictions arising from conduct at trial . . . are generally brought pursuant to § 2255," and construed the Rule 33 motion as an application under 28 U.S.C. § 2255. *United States v. Campbell*, 92cr0213, slip op. at 4 (D.D.C. Sept. 1, 2004). The district court's recharacterization of appellant's motion as to these remaining claims deprived him of the right to appeal the district court's denial of the motion without first obtaining a certificate of appealability. These claims were timely brought under Fed. R. Crim. P. 33 and were based on newly discovered evidence. *See* Fed. R. Crim. P. 33 (providing that defendant must move for new trial based on newly discovered evidence "within 3 years after the verdict or finding of guilty"). The district court's reliance on *United States v. Canino*, 212 F.3d 383 (7th Cir. 2000), was misplaced. *Canino* involved recharacterization of a motion, unlike appellant's Rule 33 motion, inappropriately brought under the Federal Rules of Criminal Procedure. *See Canino*, 212 F.3d at 384. Because appellant's remaining claims were correctly brought under Rule 33, we conclude that appellant was not required to obtain a certificate of appealability to appeal their denial by the district court. Upon consideration of the merits of these claims, however, appellant is not entitled to a new trial under Fed. R. Crim. P. 33 because he has not demonstrated that a "new trial

would probably produce an acquittal." *United States v. Williams*, 233 F.3d 592, 593 (D.C. Cir. 2000) (citation omitted).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**PER CURIAM**

**FOR THE COURT:**

Mark J. Langer, Clerk