NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 7, 2007[*]
Decided February 5, 2008

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 86 CR 572-6 |
| LEON McANDERSON *Defendant-Appellant*. | Charles R. Norgle, Sr., *Judge*. |

**O R D E R**

Leon McAnderson, a member of the El Rukn gang, conspired with others to commit terrorist acts in the United States on behalf of the Libyan government. In 1987 a jury returned a guilty verdict against McAnderson on a single count of conspiracy to commit terrorist acts, *see* 18 U.S.C. § 371, six counts of traveling in interstate commerce to commit arson, *see id.* § 1952(a)(3), twenty-five counts of using an interstate telephone facility to further illegal activity, *see id.*, one count of attempting to receive an explosive, *see id.* § 844(d), and two counts of possessing unregistered firearms, *see* 26 U.S.C. § 5861(d). He was sentenced to a total of 51

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

years' imprisonment, which included thirty-one consecutive one-year sentences on each of the travel and telephone counts. We affirmed his convictions on appeal. *See United States v. McAnderson*, 914 F.2d 934 (7th Cir. 1990). Fourteen years later, McAnderson moved to correct his sentence under former Federal Rule of Criminal Procedure 35(a), arguing that the thirty-one consecutive one-year sentences are illegal. The district court had jurisdiction to entertain the motion because former Rule 35(a), which applies to offenses committed before November 1, 1987, allows defendants to challenge illegal sentences "at any time." *See Hill v. United States*, 368 U.S. 424, 430 (1962); *United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2000). The district court denied the motion, and we affirm.

McAnderson argues that it was unlawful to punish him with multiple, consecutive sentences for each act of travel or telephone use because they all furthered the same illegal activity. But, as the district court explained, each act of interstate travel or use of the telephone may be charged as a separate offense under the Travel Act, regardless whether they were part of a common scheme. *See United States v. Briggs*, 700 F.2d 408, 417 (7th Cir. 1983); *United States v. Villano*, 529 F.2d 1046, 1061-62 (10th Cir. 1976); *United States v. Pollizzi*, 500 F.2d 856, 897-99 (9th Cir. 1974). Accordingly, the court was empowered to sentence McAnderson up to the statutory maximum of five years for each count, *see* 18 U.S.C. § 1952(a)(3), and could elect that the sentences run consecutively, *see, e.g., United States v. Brocksmith*, 991 F.2d 1363, 1368-69 (7th Cir. 1993); *United States v. Graham*, 856 F.2d 756, 762 (6th Cir. 1988).

AFFIRMED.