In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2067

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JEFF BOYD,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 89 CR 908-4—**Robert W. Gettleman**, *Judge*.

SUBMITTED OCTOBER 19, 2009—DECIDED JANUARY 14, 2010

Before POSNER, RIPPLE, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*.  The defendant, Jeff Boyd, was convicted of a variety of drug-related crimes and sentenced to 50 years in prison. We affirmed, 208 F.3d 638 (7th Cir. 2000), shortly before the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Citing *Apprendi*, Boyd petitioned for certiorari, arguing that his sentence had been increased beyond the limits in the statutory provisions under which he had been convicted, without the jury's having been required to decide whether the

type or quantity of drugs justified his higher sentence. The Supreme Court denied Boyd's petition for certiorari but in the same order vacated his codefendants' sentences and remanded their cases for reconsideration in light of *Apprendi. Boyd v. United States*, 531 U.S. 1135 (2001).

Boyd renewed his *Apprendi* challenge (and added other contentions) in a motion that he filed in the district court under 28 U.S.C. § 2255, the federal-prisoner substitute for habeas corpus. The judge denied the motion. Regarding *Apprendi*, he said that the failure to submit issues of drug type and quantity to the jury had been harmless, given the overwhelming evidence of the scope of the drug conspiracy. *United States v. Boyd*, No. 01 C 2086, 2002 WL 1949724, at *4 (N.D. Ill. Aug. 22, 2002). Boyd then filed a motion under the old Rule 35(a) of the Federal Rules of Criminal Procedure—the version that allows for the correction at any time of an illegal sentence imposed for offenses committed before the effective date of the Sentencing Reform Act (November 1, 1987). This motion advanced the same grounds as Boyd's section 2255 motion. The district judge denied the motion because there was nothing new in it. Boyd appeals that denial.

Had he captioned his motion a motion under section 2255, it would have had to be denied as a successive motion not permitted by the statute because it had not been certified by us, in advance of the filing, as falling within an exception to the statutory ban on successive section 2255 motions. 28 U.S.C. § 2255(h); *United States v. Prevatte*, 300 F.3d 792, 797 (7th Cir. 2002); *Alexander v.*

*United States*, 121 F.3d 312, 314 (7th Cir. 1997). Recaptioning doesn't allow a prisoner to avoid the ban. E.g., *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); see also *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998). Substance trumps form; failure to apply that principle would greatly increase the burden on the federal courts, given prisoners' voracious appetite for litigation.

Most of the cases involve captions other than Rule 35(a). But *United States v. Canino*, 212 F.3d 383 (7th Cir. 2000), is explicit that recaptioning a section 2255 motion as a motion under that rule is unavailing. *Canino*, however, is distinguishable from the present case, though only faintly. The prisoner was trying to use the rule to challenge his conviction rather than his sentence, and the rule is limited to correction of illegal sentences. But the no-recaptioning principle is secure and its logic is clearly applicable to a case such as this, as *United States v. Rivera*, 376 F.3d 86, 92 (2d Cir. 2004), holds. See also *United States v. Bennett*, 172 F.3d 952, 953-54 (7th Cir. 1999); *United States v. Little*, 392 F.3d 671, 677-79 (4th Cir. 2004). Sometimes the principle that captions don't control works to the advantage of the prisoner, as in *United States v. Eatinger*, 902 F.2d 1383 (9th Cir. 1990) (per curiam), where the prisoner had sought under Rule 35 relief available only under section 2255. See also *Andrews v. United States*, 373 U.S. 334, 337-38 (1963). But not in this case.

Yet Rule 35(a) recaptionings present complexities that other recaptionings do not, as illustrated by an earlier

case in our court that might seem (though it is not) incon-sistent with *Canino* and *Rivera*: *United States v. Mazak*, 789 F.2d 580 (7th Cir. 1986). We held that a Rule 35(a) motion that seeks to reopen an issue previously decided in the same litigation can be denied, in accordance with the doctrine of the law of the case and thus without consider-ation of its merits, "unless there is some good reason for reexamining" the previous ruling. *Id*. at 581. We based decision on the principles governing relitigation in postconviction proceedings that had been declared in *Sanders v. United States*, 373 U.S. 1, 15-17 (1963), and were still in force when *Mazak* was decided in 1986. *Sanders* was largely superseded a decade later by the amend-ment to section 2255 that added what is now (by virtue of a further amendment) captioned subsection (h). *Burris v. Parke*, 95 F.3d 465, 469 (7th Cir. 1996) (en banc); *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008); *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); see also 28 U.S.C. § 2244(b). The former Rule 35(a), which remains in force for prisoners whose offenses predated the Sen-tencing Reform Act, was not amended. But that makes no difference. What Boyd labels as a Rule 35(a) motion is, by virtue of the substance-over-form principle used to interpret section 2255, a motion under and governed by section 2255. *Mazak* remains good law for bona fide Rule 35(a) motions, because such motions are not governed by section 2255. *United States v. Landrum*, 93 F.3d 122, 125 (4th Cir. 1996). But the second motion in this case was not really a Rule 35(a) motion; it was a section 2255 motion—a wolf in sheep's clothing.

Not that it is always easy to distinguish a bona fide Rule 35(a) motion from a section 2255 motion. Section 2255

can after all be used to challenge a sentence and not just the conviction that underlies it. E.g., *Bifulco v. United States*, 447 U.S. 381, 385-86 (1980); *Buchmeier v. United States*, 581 F.3d 561, 563 (7th Cir. 2009) (en banc). But there is a helpful distinction in the rule's text: "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The "time provided" is 120 days from the time the sentence becomes final. Fed. R. Crim. P. 35(b) (1983). For later ("at any time") motions, like Boyd's, the court's authority is limited to correcting sentences that are illegal even if there was no irregularity in the sentencing proceeding; the court may not "re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430 (1962). The sentence in *Hill* was not illegal because "the punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Id*. Or as we put it in *United States v. Bennett*, 172 F.3d 952 (7th Cir. 1999), an illegal sentence within the meaning of Rule 35(a) is not "a judgment that rests on an error"; it is a sentence "that is ambiguous, inconsistent with the defendant's conviction, or otherwise defective." See also *United States v. Corbitt*, 13 F.3d 207, 210-11 n. 6 (7th Cir. 1993); *United States v. Montalvo*, 581 F.3d 1147, 1153 (9th Cir. 2009).

A potential problem is that section 2255 and Rule 35(a) overlap. It is unclear whether *any* challenge to a sen-

tence under the rule couldn't also be based on the statute, which allows a federal prisoner to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although *United States v. Carraway*, 478 F.3d 845, 848-49 (7th Cir. 2007), states that "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion," echoing *Melton v. United States*, *supra*, 359 F.3d at 857, and *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000), none of these cases involved a Rule 35(a) motion. If "any motion" were read to encompass every Rule 35(a) motion that could have been brought under section 2255 instead, this would be tantamount to repealing the rule's "at any time" provision. It is perilous to infer from general language in a judicial opinion an intention of abolishing all exceptions. The prisoner is entitled to have his motion, however captioned, treated as a Rule 35(a) motion if it is within the scope of the rule. Cf. *Berry v. United States*, 435 F.2d 224, 227 and n. 5 (7th Cir. 1970); *Marshall v. United States*, 431 F.2d 355, 359 (7th Cir. 1970).

But that can be of no help to Boyd. His motion was based on *Apprendi*, and thus on an alleged error that occurred in the proceedings prior to the imposition of sentence and so was beyond the reach of a Rule 35(a)

motion made after 120 days. The district judge was therefore right to reject the so-called Rule 35(a) motion—it was really a successive section 2255 motion.

But as we explained in the *Canino* case, he should have dismissed the motion rather than denied it. 212 F.3d at 384. A district court has no jurisdiction to entertain a successive section 2255 motion without the consent of the court of appeals, here not sought or given—and Boyd's second motion was in substance and therefore in law a section 2255 motion.

The denial of the motion is modified accordingly, and as modified is

AFFIRMED.