**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 6, 2012
Decided August 8, 2012[1]

*Before*

**William J. Bauer,** *Circuit Judge*
**John L. Coffey,** *Circuit Judge*[2]
**Daniel A. Manion,** *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United States |
| Plaintiff-Appellee, | ] District Court for the Northern |
| | ] District of Illinois, Eastern Division. |
| No. 12-1838      v. | ] |
| | ] No. 1:03-cr-00778 |
| ROBERT PERRY, | ] |
| Defendant-Appellant. | ] Samuel Der-Yeghiayan, |
| | ]     Judge. |

O R D E R

Everyone now agrees that the district court exceeded the statutory maximum when it tacked on a term of five, instead of three, years supervised release to Robert Perry's 180 month prison sentence. Perry tried to correct the sentencing error six years after the judgment in his case became final by filing a Motion to Correct Clerical Error

---

[1] This appeal is successive to Appeal 05-3982 and has been submitted to this panel under Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal, therefore, is submitted on the briefs and record.

[2] Judge Coffey was the third member of the panel in Appeal 05-3982, but took no part in the decision in Appeal 12-1838.

under Rule 36 of the Federal Rules of Criminal Procedure.  The district court correctly determined that Rule 36 did not apply and denied Perry's motion because the error was not clerical in nature as this court has interpreted the rule.  See *United States v. Lawrence*, 535 F.3d 631 (7th Cir. 2008).

This does not leave Perry without a means to correct the district court's mistake. A motion under 28 U.S.C. § 2255 permits a district court to correct a sentencing mistake such as the one in this case.  See *United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010) (§ 2255 can be used to challenge a sentence and not just the conviction that underlies it). And, contrary to the district court's observation, relief under § 2255 is available if the government waives the one year limitations defense contained in 28 U.S.C. § 2255(f), permitting the district court to correct its sentencing error.  See *Wood v. Milyard*, 132 S. Ct. 1826 (2012).  This seems likely in view of its concession that Perry is correct and the term of supervised release for Perry's crimes should have been limited to three years.

But as to the matter now before us, the district court's Order denying Perry's Rule 36 motion is **AFFIRMED**.