NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012[*]
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3737

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 471-1 |
| LARRY PURNELL, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

Larry Purnell appeals the denial of his third motion under 18 U.S.C. § 3582(c) to reduce his sentence. We affirm.

Purnell pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and possessing a firearm during a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A)(i). In his

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

plea agreement Purnell waived the right to appeal his sentence as well as his right to collaterally attack either his sentence or the manner in which it was determined, such as through a motion under 28 U.S.C. § 2255. On April 23, 2008, the district court sentenced Purnell to 138 months' imprisonment.

Two months later Purnell filed a § 3582(c) motion to modify his sentence based on retroactive amendments to the sentencing guidelines. On July 23, 2008, the district court summarily denied the motion.

Purnell moved to vacate his sentence under § 2255, arguing that his counsel was ineffective for failing to investigate whether Purnell possessed a BB gun instead of a .45 caliber gun, and that federal agents fabricated evidence that they recovered the gun. The district court denied the motion on July 17, 2009, concluding that Purnell's counsel was not ineffective, that his claim of possessing a BB gun instead of a .45 caliber gun was unfounded, and that there was no evidence that the government improperly withheld information.

Purnell then filed a second § 3582(c) motion to reduce his sentence, renewing the ineffective-assistance and prosecutorial-misconduct arguments pressed in his § 2255 motion. The district court summarily dismissed it for lack of jurisdiction on June 17, 2011.

Three months later Purnell rehashed his claims in yet a third § 3582(c) motion. On November 21, 2011, the district court summarily denied the motion. Purnell has filed a fourth § 3582(c) motion, which is the subject of a separate appeal in this court (*United States v. Purnell*, Appeal No. 12-1283).

On appeal Purnell challenges the denial of his third § 3582(c) motion by renewing his ineffective-assistance and prosecutorial-misconduct arguments. The government responds that this motion should have been construed as a second motion under § 2255 to vacate the sentence and dismissed for lack of jurisdiction because Purnell had not been granted permission to file a successive collateral attack.

The government is correct. Although Purnell labeled his filing as a request for a sentence reduction under § 3582(c), his motion is not related to any retroactive amendment of the sentencing guidelines, which is a predicate for bringing the motion. *See* § 3582(c)(2). Rather his motion attacks his original sentence, advancing claims that are substantively within the scope of § 2255. Thus, we treat his § 3582(c) motion as a collateral attack. *See United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010); *United States v. Lloyd*, 398 F.3d 978, 979–80 (7th Cir. 2005); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). But because Purnell already has litigated a motion under § 2255, he needed our permission to file a second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Nunez v. United States*, 96 F.3d

990, 991 (7th Cir. 1996). This he has not received, and so the district court was obliged to dismiss the motion for lack of jurisdiction. *See Boyd*, 591 F.3d at 957; *Lloyd*, 398 F.3d at 980. The denial of the motion is modified accordingly and as modified is

AFFIRMED.