**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1225
_____

UNITED STATES OF AMERICA

v.

PETER N. GEORGACARAKOS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-02-cr-00034-002)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: December 23, 2025)
_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Peter Georgacarakos challenges the District Court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). While we agree with the District Court that Georgacarakos is not entitled to relief, we will modify its order to dismiss the motion rather than deny it. We will affirm the order as modified.

In the early 1990s, Georgacarakos was found guilty in the United States District Court for the District of Maine of possessing and distributing cocaine in violation of 21 U.S.C. § 841. *See Georgacarakos v. United States*, 7 F.3d 218 (1st Cir. 1993) (table). Because he had prior convictions for a controlled-substance offense and for burglary of a dwelling, the Court classified Georgacarakos as a career offender and sentenced him to 260 months in prison. *Id.*

In 2004, while serving that sentence in a Pennsylvania federal facility, he was found guilty of murder in the second degree in the Middle District of Pennsylvania and sentenced to life imprisonment. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), that sentence was reduced to 360 months, to run consecutively to the Maine sentence, and followed by a five-year term of supervised release.

At issue here is Georgacarakos's motion under § 3582(c)(2), which he filed in the Middle District of Pennsylvania in 2023. By then, he had finished serving his Maine sentence. Nevertheless, he sought to reduce that sentence, arguing that reduction was

2

appropriate because of amendments to the U.S. Sentencing Guidelines, the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), and the First Step Act. Georgacarakos did not request a sentence reduction with respect to his Pennsylvania 360-month sentence for the murder conviction. Instead, he argued that by reducing his first sentence, the clock for his second sentence would start sooner. The District Court denied Georgacarakos' motion without explanation, and Georgacarakos timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions concerning a defendant's eligibility for relief under § 3582(c)(2). *See United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012). We may affirm on any basis supported by the record. *See Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

We conclude that, because Georgacarakos had already served the Maine sentence in full, the District Court lacked authority to reduce it under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that reduction is permissible only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See also United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009) (explaining that district courts lack authority to reduce sentence if it would be inconsistent with policy statements). The relevant policy statement says that a district court may reduce a sentence only "[i]n a case in which a defendant *is serving* a term of imprisonment." U.S.S.G. § 1B1.10(a)(1) (emphasis added). If the use of the present tense were not clear

3

enough, the statement goes on to provide that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served," U.S.S.G. § 1B1.10(b)(2)(C). As a consequence, Georgacarakos was ineligible for relief under 18 U.S.C. § 3582(c)(2), and the District Court lacked authority to reduce his sentence. *See, e.g.*, *United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) (relying on U.S.S.G. § 1B1.10 to conclude that defendant "is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence"); *United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (so holding and collecting cases to that effect).

Thus, we agree with the District Court that Georgacarakos is entitled to no relief. However, because the legal bar goes to the Court's authority to act, we will modify the District Court's order to dismiss the motion rather than deny it, *see Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025); *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010), and we will affirm the order as modified.[1]

---

[1] The Government's motion for summary affirmance is denied as unnecessary.