CLD-268                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1510
_____

UNITED STATES OF AMERICA

v.

JOHN FELDER, a/k/a BO

JOHN FELDER,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-06-cr-00079-001)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted for a Decision on Issuance of a Certificate of Appealability
Under 28 U.S.C. § 2253(c)(1) and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit Judges</u>

(Opinion filed: June 19, 2013 )
_____

OPINION
_____

PER CURIAM

    John Felder appeals pro se from the District Court's order denying what it treated

as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure.

We will affirm.

A jury found Felder guilty of numerous federal drug and firearm offenses, and the District Court sentenced him to 264 months of imprisonment. We affirmed. See United States v. Felder, 389 F. App'x 111 (3d Cir. 2010). As we noted in rejecting Felder's sufficiency-of-the-evidence challenges, the evidence against him was "overwhelming," id. at 115, and included the testimony of two co-defendants who pleaded guilty and the arresting officer, Kenneth Oglesby, see id. at 113-14. This evidence was so compelling that we did not need to mention that the evidence against Felder also included the testimony of Richard Cujdik, the Philadelphia Police Department's lead investigator in the state investigation from which Felder's federal charges arose.

Felder later filed the motion at issue here, which he captioned as one under 28 U.S.C. § 2255. Felder relied on a series of Philadelphia Daily News articles entitled "Tainted Justice" that ran in 2009 while his appeal was pending. Those articles concern allegations of misconduct against various Philadelphia Police Officers, including allegations concerning Officer Cujdik's conduct in an unrelated case. Felder did not provide the articles, but he asserted that their contents showed that (1) he was denied due process because the testifying officers committed perjury, and (2) he is actually innocent. The Government responded by arguing, inter alia, that Felder defaulted his claims by not raising them on appeal and that there were no grounds for Rule 33 relief because Felder's motion was untimely and lacked merit. In reply, Felder asserted that appellate counsel's ineffectiveness constituted cause for any default and that the Government failed to

2

"disclose" an investigation begun after publication of the articles in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

By order entered January 3, 2013, the District Court treated Felder's motion as one for a new trial under Rule 33, denied it as untimely because Felder filed it more than three years after his conviction, <u>see</u> Fed. R. Crim. P. 33(b)(1), and also explained that the motion lacks merit because the articles constitute merely impeaching evidence as to Officer Cujdik and bear no relation to the arresting officer or Felder's co-defendants. <u>See</u> <u>United States v. Quiles</u>, 618 F.3d 383, 388-89 (3d Cir. 2010) (holding that Rule 33 requires, inter alia, new evidence that is not merely impeaching and that "would probably produce an acquittal") (quotation marks omitted). The District Court further declined to treat Felder's motion as one under §2255 because it concluded that he had not stated a cognizable § 2255 claim. Felder appeals.[1]

Felder does not take issue with the District Court's conclusions that his motion was both untimely and meritless, and we agree with the District Court's rulings on those issues with the one caveat noted in the margin.[2] Instead, Felder argues that the District

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Felder does not require a certificate of appealability because the District Court treated his motion as one under Rule 33 rather than § 2255. <u>See</u> <u>United States v. Campbell</u>, 463 F.3d 1, 2 (D.C. Cir. 2006). We review the District Court's denial of a Rule 33 motion for abuse of discretion, though we review issues of law de novo. <u>See</u> <u>Quiles</u>, 618 F.3d at 390.

[2] The District Court, relying on our decision in <u>United States v. Coleman</u>, 811 F.2d 804, 807 (3d Cir. 1987), characterized the three-year deadline under Rule 33(b)(1) as "jurisdictional." Since <u>Coleman</u>, however, the Supreme Court has held that the time limitation contained in Rule 33(b)(2) is not jurisdictional and is instead a claims-processing rule that can be waived. <u>See</u> <u>Eberhart v. United States</u>, 546 U.S. 12, 13 (2005). We have not addressed the issue

3

Court should have treated his motion as one under § 2255 and liberally construed it to raise constitutional claims. We discern no error in that regard.

As a threshold matter, Felder argues that the District Court erred under Castro v. United States, 540 U.S. 375 (2003), by recharacterizing his putative § 2255 motion as one under Rule 33 without his permission. Felder reads Castro backwards. Castro holds that courts must provide notice and an opportunity to withdraw before recharacterizing as a § 2255 motion a motion captioned as something else. See id. at 383. That is because recharacterizing a motion as a § 2255 motion implicates the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricting the ability to file subsequent § 2255 motions. See id. at 381-83. There is no similar concern with recharacterizing a motion as one under Rule 33. To the contrary, the fact that the District Court did not treat Felder's motion as a § 2255 motion means that it does not count as such a motion for purposes of AEDPA's second-or-successive provisions.[3]

Felder also argues that the District Court erred in failing to construe his motion to raise constitutional claims, but we again discern no error because none of Felder's purportedly constitutional claims is even colorable. Felder argues that he raised a Brady claim, but the District Court properly explained that there was no basis for such a claim

precedentially, but other courts have concluded that the same applies to Rule 33(b)(1) as well. See, e.g., United States v. Berry, 624 F.3d 1031, 1042 (9th Cir. 2010). Even if Rule 33(b)(1) is not jurisdictional, however, it remains mandatory if properly invoked, see Eberhart, 546 U.S. at 17, and the Government properly invoked it in this case.

[3] It appears that any § 2255 motion would now be untimely under AEDPA's statute of limitations (of which Felder received notice in the standard § 2255 form he used), see 28 U.S.C. § 2244(d), though we need not and do not decide that issue.

because the articles in question were published and precipitated an investigation only after Felder's trial. Felder argues that he also raised a claim of appellate counsel's ineffectiveness, which he did for the first time in reply and only as a ground to excuse a § 2255 default. There is no basis for a claim of appellate counsel's ineffectiveness, however, because new evidence generally is not a ground for appellate relief and, even if it were, Felder could not have been prejudiced because we did not rely on or even mention Officer Cujdik's testimony in affirming his convictions and sentence. Felder also asserts for the first time on appeal that trial counsel too was ineffective in failing to investigate these matters, but he did not raise that claim in the District Court and there is no basis for it because, once again, the articles in question post-date his trial.

Finally, Felder argues that the articles prove his innocence. Neither we nor the Supreme Court have ever held that actual innocence by itself is a cognizable constitutional claim. See Sistrunk v. Rozum, 674 F.3d 181, 187 n.2 (3d Cir. 2012). Even if it were, the articles do not relate to any of the evidence we held sufficient to support Felder's conviction and thus come nowhere close to showing that "no reasonable juror would have voted to convict." Id. at 191 (citing Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).

For these reasons, we will affirm the judgment of the District Court.