19-308-cr
*United States v. Raymond McLaughlin*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2019

No. 19-308-cr

UNITED STATES OF AMERICA
*Appellee,*

v.

RAYMOND MCLAUGHLIN, aka Shakir Ra-Ade Bey, aka Shakir Ade
Bey,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Connecticut

SUBMITTED: DECEMBER 9, 2019
DECIDED: DECEMBER 30, 2019
AMENDED: JANUARY 21, 2020

Before: CABRANES and DRONEY,[*] *Circuit Judges*, and REISS, *District Judge*.[+]

———

Following a jury trial in the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*), Defendant-Appellant Raymond McLaughlin was convicted of obstruction of Government administration for making false statements to the Internal Revenue Service. He now challenges his conviction on the grounds that the District Court lacked personal jurisdiction over him. For the reasons set forth below, we **AFFIRM** the District Court's judgment.

———

> Henry K. Kopel (Marc H. Silverman, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

---

[*] Judge Christopher F. Droney, who participated in the December 30, 2019 decision of this case, retired from the Court, effective January 1, 2020, prior to its non-substantive amendment of January 21, 2020. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

[+] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Raymond McLaughlin, pro se, Brooklyn, NY.

———

PER CURIAM:

The case before us poses a simple question: when does a Federal court have personal jurisdiction over a defendant in a criminal proceeding? We hold that personal jurisdiction exists whenever an individual, charged with a crime over which the Federal court has subject matter jurisdiction, is brought before that court. Accordingly, we **AFFIRM** the District Court's judgment that it had personal jurisdiction over Defendant-Appellant Raymond McLaughlin ("McLaughlin").

## I: BACKGROUND

Defendant-Appellant McLaughlin was convicted, following a jury trial, of making false statements to the Internal Revenue Service ("IRS") in 2014, when he submitted documents purporting to show a payment of more than $300,000 to a Connecticut state court judge then presiding over a foreclosure action against him. The payment was a fiction, but the documents submitted by McLaughlin were designed to bait the IRS into penalizing and assessing additional tax obligations on the state judge on the grounds that the judge never reported such income. By submitting these false documents under

3

penalty of perjury, McLaughlin was in clear violation of 18 U.S.C. § 1001.

Before his conviction, McLaughlin filed multiple *pro se* motions to dismiss the indictment, asserting that the District Court (Michael P. Shea, *Judge*), lacked personal jurisdiction over him. The District Court denied the motions. McLaughlin now appeals his conviction, proceeding *pro se*, and arguing again that the judgment lacks validity because the District Court lacked personal jurisdiction. He frames the question on appeal as whether a public officer can possess personal jurisdiction over a criminal defendant, which we answer in the affirmative.

Throughout, McLaughlin has made arguments that are consistent with a "Sovereign Citizen" ideology. Proponents of that ideology, like McLaughlin, believe that the Federal Government is illegitimate, and therefore that its laws are not binding.[1] As the District Court aptly noted, so-called "Sovereign Citizens" seek to "clog[] the wheels of justice" and "delay proceedings so justice won't ultimately be [d]one." App. 78. They do so by raising numerous—often frivolous—arguments, many alleging that the Courts or the Constitution lack any authority whatsoever.

---

[1] According to a 2011 article issued by the Federal Bureau of Investigation ("FBI"), sovereign citizens "follow their own set of laws" and, accordingly, "do not recognize federal, state, or local laws, policies, or regulations" as legitimate. *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, FBI Law Enforcement Bulletin (2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement.

4

McLaughlin's argument here goes to the very heart of our authority to hear Federal criminal cases. It raises an issue that warrants a clear statement from this Court, to deter future litigants from making similar claims.

## II. DISCUSSION

We construe McLaughlin's appeal as a challenge to the denials of his motions to dismiss the indictment. We review such denials *de novo*. *United States v. Scott*, 394 F.3d 111, 116 (2d Cir. 2005).

When a District Court has subject matter jurisdiction over the criminal offenses charged, it has personal jurisdiction over the individuals charged in the indictment and present before the court to answer those charges. *See United States v. Alvarez-Machain*, 504 U.S. 655, 661-62, 670 (1992) (citing *Frisbie v. Collins*, 342 U.S. 519, 522 (1952)); *United States v. Williams*, 341 U.S. 58, 65 (1951) ("The District Court had jurisdiction of offenses against the laws of the United States. Hence, it had jurisdiction of the subject matter, to wit, an alleged violation of a federal conspiracy statute, and, of course, of the persons charged." (internal citation and footnote omitted)); *see also United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law." (citing *Alvarez-Machain*, 504 U.S. at 659–70)). The voluntariness of the defendant's appearance in the District Court is not relevant. *See Alvarez-Machain*, 504 U.S. at 662 (citing *Frisbie*, 342 U.S. at 522); *see also United States v. Pryor*, 842 F.3d 441, 448 (6th Cir.

5

2016) ("Federal courts have personal jurisdiction over criminal defendants before them, whether or not they are forcibly brought into court."); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that Burke is within the territory of the United States."). A defendant need not acquiesce in or submit to the court's jurisdiction or actually participate in the proceedings in order for the court to have personal jurisdiction over the defendant.

Here, the District Court had jurisdiction over the subject matter of the case: an alleged violation of 18 U.S.C. § 1001. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). The indictment charged McLaughlin and McLaughlin was present before the District Court. Accordingly, the District Court had personal jurisdiction over McLaughlin and the judgment is valid. *See Williams*, 341 U.S. at 65.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the District Court's judgment from January 30, 2019.