**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3933

_____

UNITED STATES OF AMERICA

v.

MARK MILLER, a/k/a Sharkey,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00663-001)
Honorable Berle M. Schiller

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 20, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: December 7, 2020)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Mark Miller seeks to challenge a decade-old conviction based on new evidence that the police officers involved in his arrest fabricated evidence and committed perjury at the suppression hearing. Because Miller had reason to investigate the facts underlying his claim well before this additional evidence came to light, it did not restart the clock for him to file his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We will therefore affirm the District Court's dismissal of his motion as untimely.

**A.    Discussion**[1]

Movants in federal custody[2] have one year, starting from the latest of several dates, to file a motion under 28 U.S.C. § 2255. Miller contends the relevant date is May 6, 2018, when one of his arresting officers provided an affidavit confirming that he and others had lied about the circumstances of Miller's arrest, because that is "the date on which the facts supporting the claim"—that trial counsel was deficient for failing to impeach the officers at the suppression hearing or otherwise uncover their lies—"could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But this argument "confuse[s] the facts that make up his claim[] with evidence that might support his claim[]." *McAleese*, 483 F.3d at 214; *see id.* at 216 n.13 (noting that our

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253(a) and exercise plenary review over the dismissal of a § 2255 motion as time-barred. *See McAleese v. Brennan*, 483 F.3d 206, 212 (3d Cir. 2007).

[2] Because Miller is still serving a term of supervised release and therefore in federal "custody," the District Court construed his petition for a writ of error coram nobis as a motion under § 2255, a decision not challenged on appeal.

habeas jurisprudence does not distinguish between "facts supporting the claim" in the federal provision and "factual predicate of the claim," 28 U.S.C. § 2244(d)(1)(D), in the state provision). The "vital facts," *id.* at 214, of the officers' perjury and trial counsel's failure to expose it began to be available to Miller at the time of his 2008 suppression hearing. At the latest, he was on notice of the alleged police misconduct on October 12, 2014, when FBI agents investigating the misconduct interviewed him about his arrest. That means his deadline was, at the outside, one year from then given that was certainly a "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This motion was filed in 2019, well after that deadline passed.

Miller also urges, for the first time on appeal, that he is entitled to equitable tolling, which requires a showing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Where, as here, Miller had ample information to prompt further investigation beyond contacting his appellate counsel and a public defender in 2016, he has "waited far too long to possibly claim that he has diligently pursued this claim." *Id.* Even assuming Miller had properly raised equitable tolling, he would not be entitled to it.

As troubling as the officers' misconduct during Miller's arrest and prosecution is, the relevant statutory and legal frameworks do not allow Miller to wait a decade to challenge his tainted conviction.

**B.**     **Conclusion**

For the foregoing reasons, we will affirm the District Court's order.