**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3372
_____

UNITED STATES OF AMERICA

v.

JOHN W. BARRY, JR.,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-20-cr-00744-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 22, 2022

Before: AMBRO, RESTREPO, and FUENTES, *Circuit Judges*

(Filed: November 3, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

John Barry, Jr., proceeding *pro se* on appeal, challenges his criminal convictions on a number of grounds, including a lack of jurisdiction. None of his arguments are meritorious, and most are frivolous. We therefore will affirm his convictions.

I.

Barry conspired with others to promote a "mortgage recovery" scheme in which he and his co-conspirators helped clients obtain tax refunds from the Internal Revenue Service ("IRS") for fraudulent claims. To carry out the scheme, Barry and his co-conspirators created false IRS Forms 1099-MISC[1] for Barry's clients and caused these forms to be filed with the IRS. The forms falsely reported that the clients' mortgage lenders, or mortgage processing companies, paid income to the clients, and withheld and paid to the IRS substantial taxes from this purported income. In truth, the clients did not receive any payments or income from their mortgage lenders, and no taxes were ever withheld from the fictitious income or paid to the IRS. Barry also collaborated with a co-conspirator to prepare the clients' individual tax returns using the false forms, which were then filed with the IRS. The IRS issued tax refunds totaling more than $3 million based on these false forms.

Barry was indicted on fourteen criminal counts. After a trial, the jury found Barry guilty on thirteen of those counts: one count of conspiracy to defraud the United States, in

---

[1] Individuals and entities normally use Form 1099-MISC to report payments to non-employees in the course of their trade or business, and to report any federal income tax withheld from the payment and paid to the IRS.

violation of 18 U.S.C. § 371; ten counts of assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2); one count of obstructing the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a); and one count of failing to file an individual income tax return, in violation of 26 U.S.C. § 7203. The District Court sentenced Barry to 144 months in prison, followed by three years' supervised release, and ordered him to pay more than $4.2 million in restitution. He timely appealed and is proceeding *pro se* on appeal.[2]

## II.

The Government characterizes Barry's opening brief as "almost completely incoherent."[3] This description is accurate. However, we construe pleadings by *pro se* litigants liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[4] Under a liberal review of Barry's *pro se* brief, we identify several arguments that Barry raises. We review these arguments in two groups: (1) challenges to jurisdiction, and (2) other arguments.

## A.

Barry's main arguments challenge the jurisdiction of the District Court. "We scrutinize jurisdictional questions and legal conclusions under a plenary standard of

---

[2] Barry was represented by appointed counsel in the District Court, despite his attempts to proceed *pro se*. This Court appointed appellate counsel for Barry, but he waived his right to counsel and has elected to represent himself on appeal.

[3] Gov't Br. at 6.

[4] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

review."[5]  First, Barry argues that the District Court did not have personal jurisdiction over him.  He asserts that he is not subject to federal criminal tax statutes or the jurisdiction of the United States because of his purported legal and political status, including because he alleges that he renounced his U.S. citizenship.[6]

"A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."[7]  It is undisputed that Barry was indicted and appeared before the District Court throughout his prosecution, including during his jury trial.  The District Court thus had personal jurisdiction over him.

Second, Barry argues that the District Court did not have subject-matter jurisdiction over his criminal case.  He asserts that the Government failed to provide any factual evidence to establish jurisdiction.  He also asserts that the District Court refused to disclose its jurisdiction to adjudicate the case, and did not have the Government provide proof of jurisdiction in an evidentiary hearing.

---

[5] *Sistrunk v. Rozum*, 674 F.3d 181, 186 (3d Cir. 2012).

[6] Barry repeatedly asserts that he is not a U.S. citizen, and instead identifies himself in various ways, including as an "unincorporated American National," an "American National State Citizen," an "unincorporated natural man," and a "New Jerseyan."  He insists, however, that he is not making a "sovereign citizen" argument.

[7] *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003); *see also United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (per curiam); *United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016); *United States v. Perez*, 752 F.3d 398, 407 (4th Cir. 2014); *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991).

Federal district courts have original jurisdiction over all offenses against the laws of the United States.[8]  This includes jurisdiction over federal tax offenses.[9]  Neither the District Court nor the Government had to furnish proof of jurisdiction over Barry's case since the federal criminal charges against him were brought in the appropriate court with original jurisdiction.  Accordingly, the District Court had both personal and subject-matter jurisdiction in Barry's criminal case.[10]

B.

Barry raises several other legal arguments, none of which have any merit.  He first raises an affirmative defense of common-law misnomer, alleging that the person named as the defendant in his criminal case is "John W. Barry Jr." but that he is "John-Wesley-jr.:Barry©"[11] and thus not the named defendant.  Barry provides several documents in his appellate briefs that undermine his claim and show that he is in fact the defendant named in the criminal case, regardless of whatever trade name he adopts.[12]

Barry also seems to raise a *Brady* violation.  He asserts that the District Court refused to allow him to introduce exculpatory evidence about his alleged legal status as

---

[8] 18 U.S.C. § 3231.

[9] *See United States v. Isenhower*, 754 F.2d 489, 490 (3d Cir. 1985); *see also United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986) (finding that claims that the district court lacked jurisdiction because he was not a "person" within meaning of the criminal tax statute was frivolous).

[10] We therefore have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291.

[11] Barry also refers to himself as "John-Wesley-jr.:Barry," without the copyright symbol.

[12] For example, Barry provides his birth certificate, a certificate of assumed name, and other documents that show his name as "John Wesley Barry Jr."

5

"John-Wesley-jr.:Barry©," and that this refusal deprived him of due process. Barry's argument fails on its face. *Brady* only applies to the non-disclosure of material, exculpatory evidence by the Government.[13] However, Barry does not allege that the Government withheld any evidence in violation of *Brady*; he only alleges that he was not permitted to introduce evidence about his alleged legal status as "John-Wesley-jr.:Barry©."

Next, Barry broadly asserts violations of due process. He argues that the Government violated his due process rights because it did not give him notice or an opportunity to cure his indiscretions prior to bringing the criminal case. However, the statutes that Barry violated served as notice that his actions were unlawful. The Government is not required to notify a person that he is breaking the law before the Government prosecutes that person. Barry also argues that the Government violated his due process rights by initiating the criminal case without establishing personal jurisdiction over him, but we have already found that the District Court had personal jurisdiction. Barry then argues that the District Court judge violated his due process rights by threatening to hold him in contempt of court. The judge ordered Barry to be held in contempt but also purged and vacated that order the same day. Without further explanation from Barry on the facts or his specific argument, we cannot find that holding Barry in contempt of court for less than a day violated his due process rights.[14]

---

[13] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[14] In his reply brief, Barry also argues that the Government's failure to follow its own rules and regulations denied him due process and constitutes an abuse of process, malicious

6

Barry suggests that the doctrine of laches weighs in his favor since the Government allegedly waited years to prosecute him. However, the doctrine of laches is an affirmative equitable defense in civil cases, not in criminal cases.[15] Barry also suggests that a statute may be void for vagueness, but he does not provide any arguments or specify which statute he might be challenging. We cannot speculate or construct arguments on Barry's behalf.

Barry asserts breach of contract, arguing that he is a claimant in an arbitration agreement, that the IRS is bound to the terms and conditions of that agreement, and that the IRS is currently in breach of contract and of its fiduciary duty. However, Barry does not provide the alleged arbitration agreement or otherwise explain his breach-of-contract argument.[16] He also mentions admiralty law, arguing that he is not subject to admiralty

---

prosecution, intentional interference of the person, trespass, defamation of character, and invasion of privacy. Since Barry failed to raise these arguments in his opening brief, this Court need not consider them. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

[15] *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 (2014); *In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017).

[16] The arbitration agreement that Barry provides is for another person, not for him. Throughout his briefs, Barry also talks about the United States as a bankrupt corporation, and discusses his relationship with the Government as that of a debtor and creditor, and even as a franchisee. Barry's characterizations demonstrate a profound misunderstanding of basic facts and law, including the misconception that this is bankruptcy case rather than a criminal case.

jurisdiction without a mutually-agreed contract or his informed consent. Admiralty law clearly does not apply here.[17]

Finally, Barry makes several allegations about the district judge. He asserts that the judge failed to show proof of his authority to act as a federal judge; that the judge ignored evidence because of his monetary interest as part of a complex money laundering scheme run through the federal courts; and that the judge violated the U.S. Constitution by adjudicating a sham criminal trial. Barry does not provide any support for these radical and frivolous claims, so we will not consider them.

III.

For the foregoing reasons, we will affirm Barry's convictions.

---

[17] *See, e.g.*, *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (explaining that the invocation of federal admiralty jurisdiction over a tort claim requires "conditions both of location and of connection with maritime activity"); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982) ("[T]he primary focus of admiralty jurisdiction is unquestionably the protection of maritime commerce . . . .").