21-1675-cr
United States v. Pivnick

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                                21-1675

Bryan Pivnick, AKA magnapraeda,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                          Thomas John Wright, David
                                       Abramowicz, Assistant United States
                                       Attorneys, *for* Damian Williams,
                                       United States Attorney of the
                                       Southern District of New York, New
                                       York, NY.


FOR DEFENDANT-APPELLANT:                Bryan Pivnick, *pro se*, Joint Base
                                       MDL, NJ (Devin McLaughlin,
                                       standby counsel, Middlebury, VT).


Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Bryan Pivnick appeals from a judgment in a criminal case entered on June 15, 2021, in the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).   On December 18, 2019, Pivnick pleaded guilty to receipt, distribution, and possession of child pornography.  On appeal, Pivnick contends that the district court lacked jurisdiction over his case and wrongfully denied his motion to suppress evidence that the FBI recovered

2

after questioning Pivnick at his apartment. We assume the parties' familiarity with the case.

Pivnick's jurisdictional arguments are plainly without merit. He argues, among other things, that the district court is a mere Article I "legislative court," not one "ordained and established under Article III" of the Constitution, Appellant Br. at 1, and that the FBI agents who arrested him acted without proper authority as federal agents within New York state. *See United States v. Montanez*, 371 F.2d 79, 82 (2d Cir. 1967) ("A constitutional court is one established under article III, section 1 of the Constitution; a legislative or territorial court stems from other constitutional authority . . . ." (footnote omitted)). First, the district court was properly created by Congress, as provided in Article III. *See* U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as Congress may from time to time ordain and establish."); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015) ("Congress has in turn established 94 District Courts and 13 Courts of Appeals, composed of judges who enjoy the protections of Article III . . . ."). Second, federal district courts have subject matter jurisdiction over criminal offenses against the laws of the

3

United States. *United States v. McLaughlin*, 949 F.3d 780, 782 (2d Cir. 2019) (citing 18 U.S.C. § 3231). Pivnick's parsing of the United States Code to infer differences between "United States District Courts" (which he claims are legislative courts) and "district courts of the United States" (which are Article III courts), while creative, has no basis in law. Third, the FBI is statutorily authorized to make arrests for any felony cognizable under the laws of the United States. *See* 18 U.S.C. § 3052. Pivnick's arrest, prosecution, and conviction were properly within the power of the federal government.[1]

Pivnick's challenge to the district court's suppression rulings is barred by his subsequent guilty plea. Generally, "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings." *United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996). Absent a conditional plea under Fed. R. Crim. P. 11(a)(2), suppression issues are nonjurisdictional and are waived by a guilty plea. *United States v. Garcia*, 339 F.3d 116, 118 (2d Cir. 2003).

---

[1] Pivnick also moves for us to take judicial notice of many of these jurisdictional arguments. Because, as explained above, these arguments are meritless, his motion is denied.

4

Were we to nevertheless exercise jurisdiction to address the challenge on the merits, we would reject it. The district court did not err in deciding that Pivnick's statements were not made while under custodial interrogation. *Cf. United States v. Familetti*, 878 F.3d 53, 56, 60–62 (2d Cir. 2017) (holding that a defendant accused of child pornography offenses was not in custody when he was told he was not under arrest, despite being questioned in his home after nine agents executed a search warrant). The district court also properly determined that the seizure of Pivnick's phone did not violate Pivnick's Fourth Amendment rights because it was justified under the exigent circumstances doctrine by the possible destruction of its contents or, alternatively, under the plain view doctrine. *See United States v. Martin*, 157 F.3d 46, 53 (2d Cir. 1998) ("[T]he Supreme Court has interpreted the Fourth Amendment to permit seizure of the property . . . if the exigencies of the circumstances demand it."); *United States v. Babilonia*, 854 F.3d 163, 179–80 (2d Cir. 2017) ("Seizure of everyday objects in plain view is justified where the officers have probable cause to believe that the objects contain or constitute evidence."). Nor did the district court err in finding that the subsequent search of the cellphone was lawful because Pivnick had consented to it. *See United States v. Snype*, 441 F.3d

5

119, 130–31 (2d Cir. 2006) (noting that voluntary consent is an exception to the warrant requirement).

Pivnick also raises challenges to his counsel's effectiveness. His claim is factually undeveloped and is more appropriately raised in a 28 U.S.C. § 2255 motion rather than on direct appeal. *See United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003). We therefore do not reach it.

We have considered Pivnick's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court